## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH YOUNES,                                                                ) | |
| Plaintiff,                                           ) | |
| v.                                                            ) | NO. |
| U.S. BANK  NATIONAL ASSOCIATION,      ) | |
| A NATIONAL BANKING ASSOCIATION AS  ) | |
| SUCCESSOR TRUSTEE FOR MORGAN          ) | |
| STANLEY LOAN  TRUST 2006-16AX,               ) | |
| GMAC MORTGAGE, LLC,                                  ) | |
| BANK OF AMERICA, N.A.,                                 ) | |
| SAXON MORTGAGE SERVICES, INC.,              ) | |
| NATIONWIDE TITLE CLEARING, INC., a       ) | |
| Florida corporation, MORTGAGE ELECTRONIC  ) | |
| REGISTRATION SYSTEMS, INC., LENDER      ) | |
| PROCESSING SERVICES, INC., and               ) | |
| OCWEN LOAN SERVICING, LLC.,                    ) | |
| Defendants.                                     ) | |

### COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND OTHER RELIEF

NOW COMES Plaintiff, JOSEPH YOUNES, by his attorney Paul L. Shelton of SHELTON LAW GROUP, LLC, and brings this action for declaratory, injunctive and other relief against Defendants, Nationwide Title Clearing, Inc. (NTC), Mortgage Electronic Registration Systems, Inc. (MERS), Lender Processing Services, Inc. (LPS), GMAC Mortgage LLC, U.S. Bank National Association, a national banking association, as Successor Trustee for Morgan Stanley Loan Trust 2006-16AX, Bank of America, N.A., Saxon Mortgage Services, Inc., and Ocwen Loan Serving, LLC. In support thereof, Plaintiff states as follows:

### JURISDICTION

1.      This Honorable Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1332 (diversity jurisdiction) as the matter in controversy exceeds $75,000.00 exclusive of

1

interest and costs, and because all of the Defendants are foreign corporations based outside of the State of Illinois. All of the parties named herein have sufficient minimum contacts with the State of Illinois to render them subject to its jurisdiction.

2.     Venue is proper in the United States District Court for the Northern District of Illinois under 28 U.S.C. § 1391(b). Defendants all conduct, or have conducted, business in the State of Illinois, including Cook County.

## PARTIES

3.     Plaintiff Joseph Younes is a citizen of the United States of America whose permanent residence is located in the State of Illinois, County of Cook. The property which is the subject of this complaint is located in Cook County, Illinois. Said property being commonly known as 1720 North Sedgwick Street Chicago, Illinois, 60614.

4.     Defendant Nationwide Title Clearing, Inc., (NTC) is a Florida Corporation. NTC is a document production factory. NTC specializes in creating, processing and recording mortgage assignments, which are often needed for a lender to foreclose on a borrower.

5.     Defendant Lender Processing Services, a Florida corporation, (LPS) provides loan servicing support for more than 50 percent of all U.S. Mortgages.

6.     Defendant Mortgage Electronic Registration Systems, Inc., (MERS) is a privately held company based out of Virginia that operates an electronic registry designed to track servicing rights and ownership of mortgage loans in the United States.

7.     Defendant General Motors Acceptance Corporation Mortgage LLC, (now known as Ally Financial Inc.) is a bank holding company headquartered in Detroit, Michigan. GMAC offers mortgage loans to consumers throughout the United States and in the State of Illinois.

8. Defendant U.S. Bank National Association is a nationally chartered bank. Its parent company, U.S. Bancorp, is a financial services holding company headquartered in Minneapolis, Minnesota.

9. Defendant Bank of America, N.A is an American multinational banking and financial services corporation headquartered in Charlotte, North Carolina.

10. Defendant Saxon Mortgage Services, Inc., is a mortgage loan servicing company which has ceased the majority of its operations. Saxon Mortgage was based out of Fort Worth, Texas.

11. Defendant Ocwen Loan Servicing, LLC, is a wholly owned subsidiary of Ocwen Financial Corporation, a provider of residential and commercial mortgage loan servicing and asset management services. Ocwen is a limited liability company and is a citizen of Florida.

## NATURE OF THE CASE

## FIRST MORTGAGE

12. Plaintiff Joseph Younes executed a mortgage relative to the subject property, dated July 28, 2006, recorded on August 16, 2006, in the Office of the Cook County Recorder of Deeds as document number 0622826138. The mortgage secured a loan in the principal amount of $583,100.00, and evidenced by a Promissory Note dated July 28, 2006. A copy of said Promissory Note is attached hereto as "Exhibit A". Said Mortgage and Promissory Note lists HLB Mortgage as the holder.

13. MERS, as nominee for HLB Mortgage, allegedly received delivery of the Promissory Note on the first mortgage.

14. An Assignment of Mortgage, without any date of execution listed, allegedly transferred the mortgage and note from MERS to GMAC on a date referenced as October 16, 2007, however said Assignment of Mortgage was not recorded in the Cook County Recorder of Deeds until

3

December 17, 2007. This assignment was filed in the Cook County Recorder of Deeds by "Pierce and Associates", and after completion, requested return by mail to the law firm of "Pierce and Associates". A copy of said Assignment is attached hereto as "Exhibit B".

15.     An Assignment of Mortgage dated November 23, 2009, from GMAC to LaSalle National Bank Association, as Trustee for Morgan Stanley Loan Trust 2006-16AX, (a subsidiary of U.S. Bank) indicates that GMAC received the mortgage, "securing the payment of a certain promissory note(s)" from the original Mortgagee MERS as nominee for HLB Mortgage Successors and Assigns. This assignment was either mailed electronically or through the U.S. Mail by MERS to the law firm of "Pierce and Associates". The law firm of "Pierce and Associates" then filed said Assignment with the Cook County Recorder of Deeds on December 17, 2007, and after completion of recording directed return through the U.S. Mail to the law firm of "Pierce and Associates 1 N. Dearborn St., FL 13, Chicago, IL 60602-4321". A copy of said Assignment is attached hereto as "Exhibit C."

16.     On October 17, 2007, GMAC, the alleged assignee of Plaintiff's lender HLB, filed a Complaint to Foreclose the mortgage in the Circuit Court of Cook County, Illinois, and assigned Case No. 07 CH 29738. At the time of the filing of said complaint, GMAC attached as an exhibit a document labeled "Lost Assignment Affidavit" which contained no signature. Said Complaint was filed by the aforementioned law firm, "Pierce and Associates". A copy of said Lost Assignment Affidavit is attached hereto as "Exhibit D".

17.     The aforesaid alleged Assignment of Mortgage from MERS to GMAC (which references a date of October 16, 2007), creates the impression that an assignment took place one day prior to the day GMAC  first filed its aforesaid Complaint to Foreclose by its attorneys "Pierce and Associates". Attached to said Complaint to Foreclose filed on Oct. 17, 2007, was the undated

and unsigned "Lost Assignment Affidavit." GMAC, however, conspicuously failed to attach the December 17, 2007, recorded Assignment, which referenced a date of October 16, 2007. The verification of the signature on said assignment conspicuously fails to contain a date of execution. It is highly unlikely, therefore, that this assignment was in existence at the time that said Complaint to Foreclose was filed on October 17, 2007, by "Pierce and Associates" or else it would have been attached by the law firm of "Pierce and Associates", who had recorded the Assignment of Mortgage on December 17, 2007.

18.     On October 7, 2011, U.S. National Bank (U.S. Bank) filed a Third Amended Complaint in the Circuit Court of Cook County, in Case No. 07 CH 29738, asserting that it is the current holder of the note subject to the first mortgage and removing any allegations by GMAC as the party in interest. U.S. National Bank, supported by the affidavit of Ocwen employee Rashad Blanchard, alleged that it had received the subject mortgage after transfer from the original note holder HLB, who assigned to MERS, who then assigned to GMAC, who then assigned to Bank of America, in which it is listed as successor trustee. See the "Affidavit of Rashad Blanchard" attached hereto as "Exhibit E". Rashad Blanchard's Affidavit relative to the chain of assignments is primarily based upon his review of documents "recorded" with the Cook County Recorder of Deeds.

19.     GMAC and subsequently U.S. Bank failed to allege in their Complaints to Foreclose any facts whatsoever placing either bank within the chain of ownership of the aforesaid first mortgage and note.

20.     Plaintiff questions whether U.S Bank, or any Defendant, ever had possession of the subject note and mortgage.

21.     None of the alleged assignments of the mortgage were executed on paper, everything appears to have been conducted electronically. Subsequent to the start of litigation on the aforementioned Complaint to Foreclose, "Linda Green," an employee of DOCX, a now defunct subsidiary of LPS, or person's forging the signature of Linda Green, created and signed paper versions of certain electronic assignments, wherein Linda Green's name was signed in which she is purported to be an officer of Defendant Saxon Mortgage.

22.     In a "Lost Assignment Affidavit" submitted to the Circuit Court of Cook County in the underlying foreclosure litigation, "Linda Green", signing as "Vice President on behalf of Saxon Mortgage Servicing Inc.", purportedly acting on behalf of LaSalle National Bank, as Trustee for Morgan Stanley Mortgage Loan Trust 2006-160AX, stated that the "assignment of the Mortgage/Deed of Trust from GMAC Mortgage LLC to LaSalle Bank National Association was lost prior to recording when the loan was transferred from GMAC Mortgage LLC to LaSalle Bank National Association . . . and it is not obtainable." A copy of said Affidavit is attached hereto as "Exhibit F".

23.     Upon realization of the insufficiency of the Lost Assignment Affidavit executed with a signature bearing the name of "Linda Green", Defendant GMAC then created and back-dated a new assignment, which was recorded in the Cook County Recorder of Deeds on December 17, 2007, for the sole purpose of bolstering or maintaining its standing to continue its foreclosure action against Plaintiff.

24.     Upon information and belief, the name of a "Linda Green" has been repeatedly used to sign as the officer for a multitude of banks and mortgage companies, and that said individual "Linda Green" does not and has never worked for nor ever received a paycheck from the banks and mortgage firms in which her name appears as an officer. Contrary to the apparent

6

representations in these mortgage documents, and based upon the sworn testimony of an employee of LPS named "Linda Green", it is apparent that "Linda Green" does not nor has ever worked for or received a paycheck from anyone other than her employer LPS. Additionally, it is highly unlikely than LPS or any of the banks and mortgage companies, in which "Linda Green" is identified as an officer, possess any documentation confirming that "Linda Green" was ever appointed or confirmed as an officer of said institutions.

25.    The sworn testimony of LPS employee "Linda Green" affirming the allegation in paragraph 24 is located in a deposition transcript, wherein testimony was given in the matter of Office of the Attorney General of Florida, Department of Legal Affairs. In Re: Investigation of Lender Processing Services, Inc., d/b/a LPS Default Solutions, DOCX, LLC, a foreign corporation, Case No. CACE-11-31580(03) in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. Linda Green's sworn testimony within said deposition establishes that she has never held any office or position at any bank or institution other than LPS. Said transcript is currently in Plaintiff's attorney's possession.

26.    The name of a "Linda Green" is listed on multiple forgery and fraud databases and is a known "robosigner."

27.    Upon information and belief, as well as the aforementioned deposition of "Linda Green, the real "Linda Green," or any party forging her name, had absolutely no firsthand knowledge of any information contained within any document prepared by and executed at the direction of LPS, in which the name "Linda Green" appears, much less any Mortgage, Assignment or Note securing any alleged debt.

28.    Subsequent to the execution of Plaintiff's first mortgage and the fraudulent assignment of same from GMAC to LaSalle Bank, a subsidiary of Defendant U.S. Bank, and Trustee to

Morgan Stanley Loan Trust 2006-16AX, Morgan Stanley Capital Inc., the corporation that owns and manages Morgan Stanley Mortgage Loan Trust 2006-16AX, has become and is currently embroiled in class action litigation commenced by its own institutional investors for various securities violations that it committed in the formation and solicitation of investment in its various Mortgage Loan Trusts, including the creation and issuance of false and misleading Registration Statements and Prospectus Supplements in violation of the Securities Act of 1933. Said class action litigation has been filed as: In re Morgan Stanley Mortgage Pass-Through Certificates Litigation Civil Action No. 09-CV-02173, in the Southern District of New York.

## SECOND MORTGAGE

29.     On July 28, 2006, Plaintiff Joseph Younes executed a second mortgage on the property in the amount of $166,600.00, evidenced by a Balloon Note dated July 28, 2006. A copy of said Balloon Note is attached hereto as "Exhibit G". Said Balloon Note lists HLB Mortgage as the "note holder."

30.     MERS, as nominee for HLB Mortgage, allegedly received delivery of the Balloon Note on the first mortgage.

31.     On October 23, 2008, "Crystal Moore," an employee of NTC, or person's forging the signature of "Crystal Moore", created and signed a "Lost Assignment Affidavit" for the second mortgage, wherein the signature of one "Crystal Moore" appears and names said individual purporting to be an officer of Defendant Saxon Mortgage, and alleged that MERS, as nominee for HLB Mortgage, assigned the mortgage and note to Saxon Mortgage, and averred that said note was "lost, misplaced, or destroyed before the same could be placed of record." This assignment was forwarded through the U.S. mail or electronically by NTC to "Pierce and Associates", who then filed it in the Cook County Recorder of Deeds, and after recording

8

requested return by U.S. mail to "Pierce and Associates". A copy of said "Lost Assignment Affidavit" is attached hereto as "Exhibit H".

32.     Upon information and belief, the name of a "Crystal Moore" was used to sign as the officer for a multitude of banks and mortgage companies, and that this individual "Crystal Moore" does not and has never worked for nor ever received a paycheck from the banks and mortgage firms in which her name appears as an officer. Contrary to the apparent representations in these mortgage documents, and based upon the sworn testimony of an employee of NTS named "Crystal Moore", it is apparent that "Crystal Moore" does not work, nor has ever worked for or received a paycheck from anyone other than her employer NTS. Additionally, it is highly unlikely than NTS or any of the banks and mortgage companies, in which "Crystal Moore" is identified as an officer, possess any documentation confirming that "Crystal Moore" was ever appointed as an officer of said institutions.

33.     Sworn testimony of an employee of NTS "Crystal Moore" affirming the allegation in paragraph 32 above is located in a deposition transcript wherein testimony was given in the matter of Deutsche Bank National Trust, et. al. v. Peter T. Morlon, et. al., Case No. 90 CA 007211 in the Circuit Court of the Twelfth Judicial Circuit of the State of Florida. . Crystal Moore's sworn testimony within said deposition establishes that she has never held any office or position at any bank or institution other than NTC. Said transcript is currently in Plaintiff's attorney's possession.

34.     The name of a "Crystal Moore" is listed on multiple forgery and fraud databases and is a known "robosigner."

35.     Upon information and belief, as well as the aforesaid deposition testimony, "Crystal Moore," or any party forging her name, had absolutely no firsthand knowledge of any

information contained within any document prepared by and executed at the direction of NTS, in which the name "Crystal Moore" appears, much less any Mortgage, Assignment or note securing any alleged debt.

36.     On July 3, 2012, Defendant Bank of America filed a Complaint in the Circuit Court of Cook County Illinois, Case No. 12 L 007468, alleging that it had acquired the subject loan and that Plaintiff had failed to make payments as required by said contract entered into by Plaintiff with HLB. In said Complaint, Defendant Bank of America brings forth no allegation or evidence proving that it ever acquired the mortgage and note from Saxon Mortgage, who likely never had possession of or authority to assign the note in the first place. Although Bank of America has only filed an action to collect on the note, it still potentially maintains the right to foreclose on the mortgage and note.

**"ROBO-SIGNING"**

37.     Robosigning occurs when an individual has no knowledge of the information contained in the document and often does not even read or understand the document that he or she is signing in an official capacity.

38.     Both LPS and NTC create documents through highly compartmentalized, assembly-line procedures. "Signers," such as NTC employee Crystal Moore and LPS/DOCX employee Linda Green, occupy an essential position on the assembly line.  These "Signers" sign their name on thousands of documents per day without reading the documents they sign and without verifying the information contained in the document-even in documents that claim to be made under oath and based upon the signatory's personal knowledge. In some instances, LPS and NTC signers do not even sign documents that, nonetheless, bear their signature. In these instances, LPS and NTC

10